**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                       )
**United States of America,**   )
                                       )
        **Plaintiff,**           )   Criminal Action No.
                                       )   20-cr-10035-NMG
             v.                  )
                                       )
**Jose Esmerlin Diaz,**         )
                                       )
        **Defendant.**          )
_____)

**MEMONRADUM AND ORDER**

**GORTON, J.**

Defendant Jose Diaz ("Diaz" or "defendant") is awaiting trial subject to a detention order entered by United States Magistrate Judge Marianne B. Bowler. Currently before the Court is defendant's motion to review that order.

### I. Background

On February 12, 2020, a grand jury returned a one-count indictment charging Diaz with Conspiracy to Distribute and to Possess with Intent to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A)(vi). The indictment alleges that Diaz was involved with trafficking over 35,000 fentanyl pills disguised as Percocet pills. If

convicted, Diaz faces a maximum term of life in prison with a statutory mandatory minimum of ten years.

On April 9, 2020, Diaz was arraigned.  Immediately thereafter, Magistrate Judge Bowler held a detention hearing after which she ordered the defendant detained.  She found that:

> [c]onsidering the strength of the evidence and the quantity of the drugs involved this court finds by clear and convincing evidence that the defendant constitutes a danger to the community and that there are no conditions of release to be set.

Magistrate Judge Bowler also considered Diaz's argument that he should be released because of the COVID-19 pandemic but found

> defendant does not set forth any specific medical conditions that would make him more vulnerable or more at risk than other detainees in the institution.

Diaz has "appealed" that order to this session and filed a motion to revoke the Magistrate Judge's pretrial detention order and place him on conditions of release.

## II.  **Defendant's Appeal of the Detention Order**

### A. Legal Standard

Pursuant to 18 U.S.C. § 3145(b), district courts have jurisdiction to review a detention order imposed by a magistrate judge.  § 3145(b) permits review by a district judge of a detention order entered by a magistrate judge:

> [i]f a person is ordered detained by a magistrate judge ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.

When a district court reviews the findings of a magistrate judge with respect to pretrial detention, it must engage in de novo review of the contested order. United States v. Oliveira, 238 F. Supp. 3d 165, 167 (D. Mass. 2017) (citing United States v. Marquez, 113 F.Supp.2d 125, 127 (D. Mass. 2000). In doing so, the Court may reject the magistrate judge's fact finding and start the hearing anew or may accept the findings of fact made by the magistrate and hear additional facts and argument. Id.

**B. Application**

Having carefully considered Diaz's motion, the Court finds that, with respect to the COVID-19 pandemic, defendant 1) identifies no individualized facts regarding his ethnicity, age or health condition that make him more vulnerable to COVID-19 than other detainees and 2) proffers no more than speculative concern about an outbreak at the Plymouth County Correctional Facility.  Defendant's generalized and systemic concern regarding the virulent pandemic is insufficient to demonstrate entitlement to revocation of the pretrial detention order issued by the Magistrate Judge.

The Court further finds, consistent with the Magistrate Judge's order, that 1) the weight of the evidence and 2) the particular danger of trafficking fentanyl disguised as Percocet demonstrate that Diaz is a danger to the community and that there is no condition or combination of conditions that will "reasonably assure the appearance" of the defendant and protect the "safety of any other person and of the community." 18 U.S.C. § 3142(d).

## ORDER

Accordingly, defendant's motion to revoke pretrial detention (Docket No. 43) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 23, 2020